IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| DARIN CROOKS, | ) |
| Plaintiff, | ) |
| vs. | ) No. C 07-2080 EJM |
| RICK LYNCH, individually and in his capacity as Floyd County Sheriff, JESSE MARZEN, individually and in his official capacity as Floyd County Attorney, and FLOYD COUNTY, IOWA, | ) ORDER |
| Defendants. | ) |

This matter is before the court on defendants' resisted Motion to Dismiss, filed January 28, 2008. Granted in part and denied in part. Dismissed without prejudice to refiling in the appropriate Iowa District Court.

Plaintiff, a former Deputy Sheriff for Floyd County, Iowa, brings this action pursuant to 42 USC §1983 and IC §341A seeking damages and injunctive relief from defendants Floyd County Sheriff Rick Lynch, Floyd County Attorney Jesse Marzen, and Floyd County, for the alleged deprivation of his constitutional rights as well as violations of Iowa law arising from the termination of his employment. Jurisdiction is based on 28 USC §§1331 and 1367.

In Count 1, claiming that his employment as a deputy sheriff was protected by the civil service provisions of Iowa Code §341A. and that he had a constitutionally

protected property interest in his job, plaintiff asserts that on April 12, 2007 his employment was terminated by defendants Sheriff Lynch and Floyd County pursuant to Floyd County policy and in violation of the Iowa Code. Specifically, following Sheriff Lynch's termination of his employment based upon the assertion that he committed a criminal act by providing alcohol to an underage person, he contends that Lynch never filed a written accusation against him with the Floyd County Civil Service Commission (Commission) as required by IC §341A.12, that the Commission was improperly constituted, that the Commission ordered defendants Lynch and Marzen not to remove or suspend him prior to a decision by the Commission, that the matter was continued by the Commission with no decision ever being made, and that defendants nevertheless terminated his employment.

Plaintiff claims this termination procedure violated his due process rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the US Constitution. Plaintiff further claims defendant Marzen made statements stigmatizing him and impairing his liberty interest in his good name in violation of the Fourteenth Amendment to the US Constitution, including a statement made to the press that "this man violated the law and a jury has now found him not guilty, which I accept..." following plaintiff's acquittal on charges of supplying alcohol to an underage person.

In Count 2, plaintiff raises a state law claim that defendants Lynch and Floyd County unlawfully terminated his employment in violation of the rights and procedures provided by IC §341A.

2

In Count 3, plaintiff claims defendants Floyd County, Lynch and Marzen conspired with each other to terminate his employment in violation of his due process rights as set forth in Count 1.

Plaintiff seeks general and punitive damages, restoration of his employment, fees and costs.

Defendants seek dismissal pursuant to FRCP 12(b)(1) and (6). They urge that as to Count 1, plaintiff fails to state a claim as 1) he has not yet been terminated, 2) he does not have a constitutionally protected interest in his job, 3) even if he has such a protected interest, he has adequate post-deprivation remedies under state law, 4) he has not availed himself of such post-deprivation remedies under state law, 5) he was not deprived of any liberty interest, 6) defendants Lynch and Marzen are entitled to qualified immunity, and 7) there is no basis to impose liability upon Floyd County.

As to Count 2, plaintiff's state law claim under IC §341A.12, defendants urge that plaintiff failed to comply with the notice provisions of IC §670.5, and that they are entitled to discretionary function immunity pursuant to IC §670.4(3).

As to Count 3, defendants assert that plaintiff's conspiracy claim is barred by the intracorporate conspiracy doctrine, that the conspiracy claim fails for the same reasons urged in support of the motion to dismiss Count 1, there was no underlying constitutional deprivation upon which to base a conspiracy claim, and that defendants Lynch and Marzen are entitled to absolute or qualified immunity.

> In considering a motion to dismiss, we must assume that all the facts alleged in the complaint are true. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The complaint must be liberally construed in the light most favorable to the plaintiff. Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir.1982). A Rule 12(b)(6) motion to dismiss a complaint should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts which would entitle the plaintiff to relief. Morton v. Becker, 793 F.2d 185, 187 (8th Cir.1986).

Coleman v. Watt, 40 F3d 255, 258 (8th Cir. 1994).

Beginning with Count 1, to state a claim plaintiff must allege a property interest that was adversely affected without due process of law. The first inquiry is to determine whether plaintiff had a property interest in his employment protected by the Due Process Clause of the Fourteenth Amendment, and the court is to look to state law to make that determination. Bishop v. Wood, 426 US 341, 344 (1976); Brewer v. Parkman, 918 F2d 1336, 1339 (8th Cir. 1990)(rehearing granted, judgment vacated on other grounds). Deputy sheriffs in Iowa have been held not to have a constitutionally protected property interest in employment under IC §341A.12. Burmeister v. Muscatine County Civil Service Commission, 538 NW2d 877, 878-879 (IA App 1995). See also City of Clinton v. Loeffelholz, 448 NW2d 308, 311 (IA 1989) (police officers have no property interest in continued employment under similar statutory provisions); Sieg v. Civil Service Comm'n, 342 NW2d 824, 829 (IA 1983) (same). Plaintiff having no constitutionally protected property interest in continuing employment, the motion to dismiss shall be granted as to Floyd County and Lynch on Count 1.

Count 1 also contains a claim that defendant Marzen stigmatized plaintiff in violation of his liberty interest in his good name. While Marzen asserts that he is entitled to absolute immunity for any claim arising out of the prosecution of criminal charges against plaintiff, it appears that plaintiff's claim is that Marzen's allegedly stigmatizing statements were made following plaintiff's acquittal. Marzen alternatively asserts that his statements to the press were not a "clearly established" constitutional violation, and therefore he is entitled to qualified immunity.

Under the doctrine of qualified immunity, a prosecutor is not subject to damages liability for performance of administrative functions when his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. <u>Buckley v. Fitzsimmons</u>, 509 US 259, 273 (1993). It is the court's view that the statement attributed to the prosecutor following plaintiff's acquittal was in the nature of an administrative function of the prosecutor discussing the prosecution and proceeding, and did not violate clearly established constitutional rights of which a reasonable person would have known. Accordingly, the motion to dismiss shall be granted upon this point.

Turning to Count 2, plaintiff's state law claim for violations of IC §341A., defendants assert that at all relevant times IC §670.5 provided that a claimant against a municipality must commence any action within six months after injury, or cause written notice to be presented to the municipality within sixty days after injury. Defendants urge that the action was commenced more than six months after the

injury, and therefore the action is untimely as to Count 2. While the Iowa Supreme Court held §670.5 unconstitutional in violation of the equal protection clauses of the Iowa and US constitutions, Miller v. Boon County Hospital, 394 NW2d 776 (Iowa 1986), defendants assert that §670.5 is nevertheless constitutional and enforceable, citing Goings v. Chickasaw County, Iowa, 523 FS2d 892 (ND IA 2007).[1] Further, defendants assert that IC §670.4(3), through IC §670.12, provides that Floyd County is immune from liability for claims arising out of the discretionary functions of the municipality or its officers and employees.[2]

While the matter is not free from doubt, and with due respect to Goings v. Chickasaw County, supra, which came to a contrary conclusion, it is the court's view that the limitations imposed by IC §670.5 do not apply for the reasons set forth by the Iowa Supreme Court in Miller v. Boone County Hosp., supra, concluding that IC §670.5 violates both the state and federal equal protection clauses. Accordingly, the motion shall be denied on this point.

---

[1] IC §670.5 has been amended to eliminate the notice-of-claim provision and replace it with a two year statute of limitation, though the statute on its face applies only to actions arising after July 1, 2007.

[2] In reviewing plaintiff's resistance to defendants' Motion to Dismiss, it appears that in attempting to distinguish certain authority, plaintiff indulges in characterizations of the judicial officer who authored the Goings decision as "activist," in an apparent effort to persuade this court to reach a contrary result. While counsel properly remains free to engage in the spirited advocacy of his client's position on its merits, counsel is cautioned that derogatory name-calling appears out of place in civil legal advocacy. This observation applies with equal relevance to plaintiff's counsel's characterization on brief of the "chutzpah" and "audacity" of opposing counsel.

With regard to defendants' assertion that they are entitled to discretionary function immunity pursuant to IC §670.12, the test to be applied is whether the offending action(s) were a matter of choice for the acting employee, and whether the exercise of judgment involved is the kind of judgment that discretionary function immunity was designed to shield.  Harrington v. Wilber, 353 FS2d 1033, 1046 (SD IA 2005).  It is the court's view that the matters alleged on the face of the Amended Complaint, including failing to comply with the directive of the Civil Service Commission as well as the letter and spirit of IC §341A.12, is neither a matter of judgment or choice of the acting employee, or judgment of a kind that the discretionary function exception was designed to shield.  The motion shall be denied as to Count 2.

The basis of Count 3 being the alleged conspiracy to deprive plaintiff of due process rights as set forth in Count 1, and those rights being contingent upon the existence of a constitutionally protected property interest in continuing employment which the court has found lacking, Count 3 shall be dismissed.

With all federal claims having been dismissed and the only remaining claim being Count 2, a state law claim, pursuant to 28 USC §1367(c)(3) the court will decline to exercise supplemental jurisdiction over the remaining claim, and this matter shall be dismissed without prejudice to plaintiff's right to re-file that claim in the appropriate Iowa District Court.

It is therefore

ORDERED

1. Motion to Dismiss granted as to Counts 1 and 3, denied as to Count 2.

2. This matter is dismissed without prejudice to plaintiff's right to file the claim in Count 2 in the appropriate Iowa District Court, in accordance with the above text.

July 9, 2008.

                                                                                           _____
                                                                           Edward J. McManus, Judge
                                                                  UNITED STATES DISTRICT COURT